UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBRA H. GUESS | CIVIL ACTION |
| VERSUS | NO. 19-12289 |
| COMPANION LIFE INSURANCE COMPANY | SECTION "A" (1) |

### ORDER AND REASONS

Before the Court is a **Motion to Set Aside Default (Rec. Doc. 10)** pursuant to Federal Rules of Civil Procedure ("FRCP") 60(B)(1) filed by the Defendant Companion Life Insurance Company ("Companion"). The Plaintiff Debra Guess opposes the motion, (Rec. Doc. 12), and Companion replied. (Rec. Doc. 18). The motion, set for submission on April 15, 2020, is before the Court on the briefs without oral argument.

**I.   Background**

On August 26, 2019, the Plaintiff Debra Guess filed this ERISA action seeking judicial review of a long-term disability benefit claim under an employee welfare benefit plan insured by Companion. (Rec. Doc. 1, Guess's Complaint). On August 30, 2019, Guess filed a return of service indicating that she served process on the Louisiana Secretary of State. (Rec. Doc. 4). After Companion failed to file a timely answer, Guess moved for an entry of default on January 15, 2020. (Rec. Doc. 6, Guess's Motion for Entry of Default). That motion was granted by the Clerk, and Guess filed a motion for entry of default judgment on January 17, 2020 (Rec. Doc. 8, Guess's Motion for Default Judgment). The Court then entered an Order and Default Judgment on February 10, 2020. (Rec. Doc. 9).

Although a final judgment has been issued in this case, Companion now claims that it did not receive notice of this law suit until "March 18, 2020, [when the] Defendant's appeal

analyst, Lu-Ann Hodge received a copy of the Order and Default Judgment from Plaintiff's counsel. (Rec. Doc. 10-1, p. 2, Companion's Memorandum in Support). Companion further explained that, "despite Companion's registration with the Louisiana Department of Insurance being current, the Louisiana Secretary of State records did not reflect its current business address." *Id*. Companion eventually discovered that "the Secretary of State forwarded the Summons and Complaint to an out-of-date business address that was associated with a former, retired vice president of Companion." *Id*. Thus, Companion concluded that "[p]rior to [the] March 18th [notice of the Order and Default Judgment], Companion had no notice of these proceedings or this lawsuit." *Id*.

The Court will now address the merits of Companion's motion to set aside the default judgment entered against it.

**II.     Discussion**

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment for, among other things, "mistake, inadvertence, surprise, or excusable neglect[.]" Fed.R.Civ.P. 60(b)(1). However, the Fifth Circuit has made clear that relief under Rule 60(b) is an extraordinary remedy, which will be granted only in "unusual or unique circumstances." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir.1985). Once it is established that a party's neglect "was at least a partial cause of its failure to respond," the moving party then has "the burden to convince the court that its neglect was excusable." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 939 (5th Cir.1999).

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, the Supreme Court was faced with determining whether an attorney's neglect was "excusable" within the context of the Bankruptcy Rules. 507 U.S. 380, 395 (1993). In that case, the

Supreme Court provided useful guidance for determining "excusable neglect" under Rule 60(b)(1) by saying that: "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. The Court further explained that such circumstances include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.; *see also Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 468-70 (5th Cir. 1998) (holding that *Pioneer*'s excusable neglect standard applies to civil cases outside the bankruptcy context).

Further, in the context of default judgments, the Fifth Circuit has "directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): '(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." *Rogers*, 167 F.3d at 938-39 (quoting *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985)). However, "[t]hese factors are not 'talismanic.'" *Id*. Thus, the decision is within the district court's discretion, and the court may consider other factors. *Id*.

First, for the prejudice factor, the Court notes that there is no harm to a plaintiff where "the setting aside of the default has done no harm to [the] plaintiff except to require it to prove its case." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir.1960). Instead, to show prejudice, the non-moving party must show that, evidence will be lost,

discovery will be impaired, or that the delay will lead to fraud or collusion. *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000).

Here, this case involves an ERISA benefits dispute. Thus, if the judgment was to be set aside, there will be no loss of evidence and no impact on discovery. Further, although Guess claims that she will be prejudiced because her disability benefits will be further delayed, (Rec. Doc. 12, p. 2, Guess's Opposition), the Court notes that a delayed ultimate recovery does not constitute prejudice. *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). Accordingly, the Court finds that this factor weighs in favor of Companion.

Second, as to the merits of Companion's defense, the Court must assess "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Scott v. Carpanzano*, 556 F. App'x 288, 296 (5th Cir. 2014) (quoting *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008). However, "[l]ikelihood of success is not the measure." *Side by Side Redevelopment, Inc. v. City of New Orleans*, No. 09–03861, 2010 WL 375237, at *3 (E.D.La. Jan. 25, 2010) (internal citations and quotations omitted). Instead, "[the] Defendants' allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Id*.

Here, the Court finds the following contentions made by Companion convincing which note that, "the Group Policy at issue grants Companion discretion to interpret the Policy and to determine benefit eligibility, thus invoking ERISA's deferential, arbitrary and capricious standard of review. (Rec. Doc. 18, p. 3, Companion's Reply). "To prevail on the merits, [the] Plaintiff would have the burden to show that Companion abused its discretion and that its claim denial was not merely wrong, but that it was downright unreasonable, based on a review

of the administrative record as a whole." *Id*. at 3-4. Because of this highly deferential standard in favor of Companion, the Court concludes that Companion has presented sufficient evidence of a meritorious defense to sustain its burden.

Third, as to the culpability of Companion's conduct, the Court notes that the Fifth Circuit has held that justifiable or excusable neglect exists in circumstances where, through inadvertence, a party or his attorney does not receive notice of the filing of a dispositive motion and, therefore, does not respond. *Blois v. Friday*, 612 F.2d 938, 940-41 (5th Cir.1980). In *Blois*, the court originally granted the defendant's motion for summary judgment after the plaintiff failed to file a timely answer to that motion. *Id*. at 940. The plaintiff's attorney then sought relief under Rule 60(b) and argued that his failure to respond was due to the fact that he had neglected to file notice with the court of his change of address. *Id*. A copy of the motion had been sent to his former address, but it was not forwarded to his current address in time for him to respond. *Id*. While not condoning the plaintiff's counsel's neglect, the Fifth Circuit refused to affirm the default summary judgment entered in favor of the defendant because of the plaintiff's failure to respond. *Id*. Thus, the Fifth Circuit ruled that the district court had abused its discretion and granted relief to the plaintiff under Rule 60(b). *Id*.

Here, the Court finds the facts in this matter to be similar to those in *Blois*. As Companion noted in its memorandum in support, "[e]ven though [the] Plaintiff served the summons on the Louisiana Secretary of State, Companion never received a copy of the service because the summons did not go to Companion's address." (Rec. Doc. 10-1, p. 10, Companion's Memorandum in Support). Instead, Companion explained that the summons was incorrectly mailed to an old address. Thus, Companion notes that, "[a]t no time before March 18, 2020 did Companion have any knowledge that suit had been filed." *Id*. "Its first

knowledge came on March 18, 2020 when [its] disability appeal analyst Lu-Ann Hodge received a letter from Plaintiff's counsel that forwarded a copy of the February 10, 2020 Order and Default Judgment against Companion." *Id*.

Thus, although the Court does not condone Companion's inability to maintain its proper address with the Louisiana Secretary of State's office, the Court finds that Companion's error was not intentional or willful. Further, the Court notes that Companion acted promptly in an attempt to obtain relief once it learned of the default judgment entered against it. As such, the Court concludes that all three factors weigh in favor of setting aside the judgment against Companion.

Accordingly;

**IT IS ORDERED** that the **Motion to Set Aside Default (Rec. Doc. 10)** pursuant to FRCP 60(B)(1) filed by the Defendant Companion Life Insurance Company is **GRANTED**. The **Entry of Default (Rec. Doc. 7)** and the **Order and Default Judgment (Rec. Doc. 9)** are **SET ASIDE.**

**IT IS FURTHER ORDERED** that the Defendant Companion Life Insurance Company must file an answer or otherwise respond to Guess's Complaint within **ten days** of the entry of this Order.

May 14, 2020

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE